UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SUSAN KEASEY,

       Plaintiff,                          Case No. 1:13-CV-420

v.                                          HON. GORDON J. QUIST

JUDGMENT ENFORCEMENT LAW
FIRM, PLLC and MERCHANTS
CREDIT RESOURCE INC,

       Defendants.

_____/

**OPINION**

Plaintiff, Susan Keasey, sued Defendants, Judgment Enforcement Law Firm, PLLC (JELF) and Merchants Credit Resources Inc. (MCR), alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, the Michigan Collection Practices Act (MCPA), M.C.L. § 445.251 *et seq.*, and the Michigan Occupational Code (MOC), M.C.L. § 339.901 *et seq.* Defendants filed a motion for summary judgment, and Plaintiff filed a cross-motion for partial summary judgment. Those motions are presently before the Court.

**Background**

Plaintiff previously borrowed money from an entity named CashCall, Inc. (Dkt. #1, Page ID #4, ¶ 9.) She allegedly failed to repay that loan. (*Id.* ¶ 10.) CashCall sold the alleged debt to MCR, and MCR retained JELF to collect the debt. (*Id.* ¶¶ 13-14.) On March 22, 2013, JELF sent Plaintiff a form collection letter. (*Id.* ¶15.) JELF sent the letter in an envelope with a return address that stated "JUDGMENT ENFORCEMENT LAW FIRM" at the top. (Compl. Ex. A.)

**Discussion**

**1.      FDCPA Claims**

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." 15 U.S.C. § 1692(e). To establish a claim under the FDCPA, a plaintiff must demonstrate that she is a consumer, that she incurred a debt, that the defendant was a debt collector, and that the defendant engaged in conduct prohibited by the FDCPA. *See Wallace v. Washington Mut. Bank*, 683 F.3d 323, 326 (6th Cir. 2012). Defendants do not dispute that they are debt collectors and that Plaintiff is a consumer that incurred a debt. Thus, the only dispute is whether Defendants engaged in prohibited conduct.

To determine whether conduct violates the FDCPA, courts in this circuit use the "least sophisticated consumer" standard. *Barany-Snyder v. Weiner*, 539 F.3d 327, 333 (6th Cir. 2008). The purpose of the least sophisticated consumer standard is to protect "all consumers, the gullible as well as the shrewd." *Id.* "[A]lthough this standard protects naive consumers, it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 507 (6th Cir. 2007) (alteration in original) (internal quotation marks omitted).

Plaintiff alleges that Defendants violated the FDCPA by (1) failing to effectively disclose the name of the creditor to whom the debt was owed; (2) failing to communicate to Plaintiff her right to require Defendants to obtain and mail to Plaintiff a copy of the underlying judgment; (3) falsely representing that a judgment had been entered against Plaintiff; and (4) including the name of JELF

on the envelope of the collection letter.[1] Plaintiff alleges that this same conduct also violated the MCPA and MOC. Defendants have moved for summary judgment on three of the claims.[2] Plaintiff has moved for summary judgment on the final claim only. The Court will address each claim in turn.

    A.    <u>Name of the Creditor</u>

The FDCPA requires that a debt collector provide a debtor with certain information, including "the name of the creditor to whom the debt is owed," in the initial communication or within five days thereafter. 15 U.S.C. § 1692g(a)(2). To comply with that requirement, a debt collector must effectively convey the required information to the debtor. *See Smith v. Computer Credit, Inc.*, 167 F.3d 1052, 1054 (6th Cir. 1999).

In this case, the initial communication between the parties was the March 22, 2013 letter, which stated:

> Please be advised that this office has been retained by our client, MERCHANTS CREDIT RECOURSE, INC, to collect a debt in connection with your default on your above referenced CashCall, Inc. account 1207141.

(Dkt. # 1-1, Page ID # 17.) Plaintiff asserts that the letter did not effectively communicate that MCR was the creditor to whom the debt was owed, arguing that the least sophisticated consumer could reasonably come away with the belief that MCR was merely hired as a collection agency.

Plaintiff's argument is unavailing. The letter clearly stated that JELF had been retained by MCR to collect a debt. The reasonable conclusion from that statement is that MCR is the creditor to whom the debt is owed. This case is unlike those cases in which a defendant made an equivocal

---

[1] Plaintiff initially alleged that Defendants violated the FDCPA by falsely representing that Plaintiff was required to telephone JELF to discuss the debt, but she expressly abandoned that claim. (Dkt. # 35 at Page ID # 147.)

[2] Although Defendants' motion purports to request summary judgment on all Plaintiff's claims, it does not include any argument as to the claim that Defendants falsely represented that a judgment had been entered against Plaintiff. Accordingly, this claim will remain.

statement regarding the identity of the creditor. *See Zapp v. Trott & Trott, P.C.*, No. 13-12998, 2013 WL 6631670, at *2 (E.D. Mich. Dec. 17, 2013) (finding an FDCPA violation where a collection letter stated that the creditor was a creditor *or the loan servicer of the creditor*). It is also dissimilar from those cases in which the name of the creditor was merely mentioned without explanation. *See Lee v. Foster & Garbus LLP*, 926 F. Supp. 2d 482, 486-87 (E.D.N.Y. 2013) (finding an FDCPA violation where the name of the creditor was in the subject line of the letter only, and not identified as a creditor). In this case, the least sophisticated consumer would reasonably understand that MCR was the creditor to whom the debt was owed, and that JELF had been retained to collect the debt. Accordingly, Defendants are entitled to summary judgment on this claim.

      B.      <u>Right to Obtain the Underlying Judgment</u>

Plaintiff next alleges that Defendants violated the FDCPA's requirement that a debt collector notify a debtor that, upon the debtor's request, the debt collector will obtain a "verification of the debt *or a copy of a judgment*" against the debtor and mail it to the debtor. 15 U.S.C. § 1692g(a)(4) (emphasis added). In this case, the March 22, 2013 letter stated: "If you notify this office in writing within 30 days of receiving this notice, this office will obtain verification of the debt and mail a copy of it to you." (Dkt. #1-1 at Page ID # 17.)

It is undisputed that there was no judgment against Plaintiff. Nonetheless, Plaintiff contends that the letter implied that there was such a judgment because it was on JELF's letterhead. Thus, Plaintiff argues, the FDCPA required Defendants to notify Plaintiff of her right to obtain a copy of the judgment against her.

Plaintiff's argument defies reason. Defendants were not obligated to notify Plaintiff of her right to obtain a copy of a non-existent judgment. *See Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 507 (6th Cir. 2007) (finding that language notifying the plaintiff of her right to obtain

verification of the debt complied with the technical requirements of the FDCPA). In fact, including reference to a non-existent judgment could easily confuse a debtor by causing her to believe there was a judgment against her. *See Stojanovski v. Strobl & Manoogian, P.C.*, 783 F. Supp. 319, 324 (E.D. Mich. 1992) ("If the defendant did falsify and state that it would provide a non-existent judgment against plaintiffs, that would . . . very likely mislead[] unsophisticated plaintiffs into a belief that there had already been a judgment rendered against them."). Accordingly, the Court will grant summary judgment on this claim.

C. Use of JELF's Name on the Envelope

Section 1692f(8) of the FDCPA prohibits the following:

Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

15 U.S.C. § 1692f(8). "The purpose of this specific provision is apparently to prevent embarrassment resulting from a conspicuous name on the envelope, indicating that the contents pertain to debt collection." *Rutyna v. Collection Accounts Terminal, Inc.*, 478 F. Supp. 980, 982 (N.D. Ill. 1979).

Plaintiff argues that Defendants violated § 1692f(8) by including "JUDGMENT ENFORCEMENT LAW FIRM" on the envelope of the March 22, 2013 mailing. Plaintiff relies primarily on *Rutyna*, 478 F. Supp. 980, in which a district court found a violation under similar circumstances. In that case, the court found that the defendant's name, Collection Accounts Terminal, indicated that it was in the debt collection business, and that the FDCPA thus prohibited using the name on a collection letter envelope. *Id.* at 982.

Defendants argue that the envelope was not a communication as defined by the FDCPA, and thus § 1692f(8) is not applicable. The FDCPA prohibits a debt collector from putting language on

"any envelope when communicating with a consumer by use of the mails." It further defines a communication as the "conveying of information regarding a debt." 15 U.S.C. § 1692(a)(2). Defendant seems to argue that the envelope itself, and not its contents, must convey information about a debt in order for § 1692f(8) to apply. This is a tortured reading of the statute, which prohibits putting language on any envelope when communicating with a debtor by mail. There is no dispute that the letter constituted a communication for purposes of the FDCPA. Thus, § 1692f(8) applied to the mailing, regardless of whether the envelope alone would constitute a communication.

Defendants further argue that the use of JELF's name did not violate § 1692f(8) because the name does not indicate that the sender is in the debt collection business. The Court disagrees. A person viewing the mailing, including the least sophisticated consumer, could reasonably conclude that a law firm dedicated to enforcing judgments is in the debt collection business. Contrary to Defendants' argument, JELF's name is not as innocuous as those names and phrases that courts have found do not violate § 1692f(8). *See Johnson v. NCB Collection Servs.*, 799 F. Supp. 1298, 1305 (D. Conn. 1992) (finding that the phrase "Revenue Department" on the envelope of a collection letter did not violate § 1692f(8)); *Masuda v. Thomas Richards & Co.*, 759 F. Supp. 1456, 1466 (C.D. Cal. 1991) (finding that the phrase "Personal & Confidential" on the envelope of a collection letter did not violate § 1692f(8)). The other cases that Defendants cite merely stand for the proposition that a message that does not convey information about a debt is not transformed into an FDCPA communication simply because the debt collector mentions an innocuous-sounding company name. *See Marx v. Gen. Revenue Corp.*, 668 F.3d 1174, 1177 (10th Cir. 2011) (finding that a fax to verify employment was not a communication because it did not convey information about the debt); *Brody v. Genpact Servs., LLC*, No. 13-cv-11125, 2013 WL 5925168, at *3 (E.D. Mich. Oct. 28, 2013) (finding that a voice mail that stated the debt collector's name was not a communication). Because the mailing at issue was a communication for purposes of the FDCPA, those cases have little bearing

6

on the question at issue.

Because JELF's name indicates that it is in the debt collection business, use of the name on the envelope of a collection letter violated the FDCPA. Accordingly, Plaintiff is entitled to summary judgment on this claim.

**2. State Law Claims**

Defendants have moved for summary judgment on Plaintiff's state law claims, arguing that these claims must fail for the same reasons as Plaintiff's FDCPA claims. For the reasons set forth above, Defendants are entitled to summary judgment as to those state law claims based on Defendants' alleged failure to disclose the name of the creditor and notify Plaintiff of her right to obtain a copy of the judgment against her. Plaintiff's state law claims based on the use of JELF's name on the envelope of the March 22, 2103 mailing, specifically those claims brought under M.C.L. § 339.915(m) and § 445.252(m), will remain.

**Conclusion**

The Court will grant summary judgment in favor of Defendants on Plaintiff's federal and state law claims related to Defendants' alleged failure to disclose the name of the creditor and notify Plaintiff of her right to obtain a copy of the judgment against her. The Court will grant summary judgment in favor of Plaintiff on her FDCPA claim related to the use of JELF's name on the envelope of the March 22, 2013 mailing. Plaintiff's state law claims based on that mailing will remain, as will Plaintiff's federal and state law claims related to the alleged representation that a judgment had been entered against her.

An order consistent with this Opinion shall issue.

Dated: April 30, 2014                             /s/ Gordon J. Quist
                                                  GORDON J. QUIST
                                                  UNITED STATES DISTRICT JUDGE